JAMES ROSS *vs.* HENRY C. SCHRIEVES.

Suffolk.    April 3, 1908. — June 16, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Evidence,* Opinion: expert.  *Damages.  Practice, Civil,* Exceptions.

At the trial before a jury of an action of tort to recover for the alleged conversion of shop furniture of such a nature that its value is not to be presumed to be within the knowledge of all the jurors, a witness who is acquainted with similar property and its value and has the requisite knowledge and experience may be examined by hypothetical questions, although he has not seen the particular furniture to which the trial relates.

Where, by a bill of exceptions which contained an exception to a refusal by the judge presiding at a trial to allow a question to be put to a witness, it did not specifically appear what the answer expected by the excepting party was, nor that he expected that the answer would be favorable to him, nevertheless, if it does appear that the ruling was made irrespective of what the answer might be and upon the assumption that the answer would have been helpful to the excepting party, the exception must be sustained if the ruling was wrong.

TORT for the alleged conversion of barber shop furniture and a billiard table and fittings. Writ in the Municipal Court of the City of Boston dated May 15, 1905.

On appeal the case was tried before *Lawton,* J. There was a verdict for the plaintiff. The only exception was to the exclusion of certain evidence offered by the defendant as stated in the opinion.

The case was submitted on briefs.

*T. I. Hogan,* for the defendant.

*C. H. Stebbins, O. Storer & C. E. Burbank,* for the plaintiff.

KNOWLTON, C. J. The question of law raised by this bill of exceptions is whether, upon a question as to the value of the furniture of a barber shop converted by the defendant, an expert witness whose special business is determining the value of such property and trading in it may be examined as to values by hypothetical questions, he never having seen the particular articles converted.

In *Miller* v. *Smith,* 112 Mass. 470, 475, Chief Justice Gray said : " Whenever the value of any peculiar kind of property, which may not be presumed to be within the actual knowledge of all jurors, is in issue, the testimony of witnesses acquainted with the value of similar property is admissible, although they have never seen the very article in question. . . . A witness, having the requisite knowledge and experience, may always be examined by hypothetical questions, even if he has not seen the particular subject to which the trial relates, and has not heard all the other evidence given in the case." These propositions were supported by a citation of authorities. They show that the testimony was competent in the present case.

The plaintiff refers to the familiar rule that an exception to an erroneous ruling cannot be sustained unless it appears that the excepting party was injured by it. The bill of exceptions indicates that this subject was not in the thought of the counsel or of the judge when the ruling was made. The colloquy recited in the bill of exceptions makes it plain that the judge, as well as the counsel on both sides, assumed that the testimony which the defendant sought to introduce was expected to be favorable to him. The ruling seems to have been made solely on the ground that a witness, who had not seen the goods, could not answer a

hypothetical question in regard to the value of them.    Before the question had been finished the judge interrupted the defendant's counsel by asking, " Are you going to ask him a hypothetical question ? "    When later, for the purpose of perfecting his exception, the counsel was about to finish the question, the judge said : " True, but he said he had never seen the goods, and you are going to ask him to give a value on them. . . . I think that is enough for a foundation to warrant my excluding it."    Previously, in reference to answering a hypothetical question, the judge said : " It may be your misfortune that you cannot get any other testimony, but I do not think I can allow that."    While the case would have been free from doubt if the defendant's counsel had expressly stated his reason to expect a favorable answer from the witness, we think the record shows an assumption by the judge that the testimony would be helpful to the defendant, and an understanding by the defendant's counsel that this was assumed, and that his exception was saved and allowed accordingly.    If this sufficiently appears in the bill of exceptions, the defendant is entitled to the benefit of the assumption in this court.

> *Exceptions sustained ; new trial granted on the question of damages.*